## WHARFF v ATHERTON et

Ohio Appeals, 7th Dist, Noble Co

Decided Nov 23, 1932

J. A. Okey, Caldwell, for plaintiff.
L. C. Young for defendants.

ROBERTS, J.

This constitutes the issue in this case. There is no contention between the parties concerning the action taken for the construction of this fence, the only issue being whether or not, under the law, as construed and established by the courts, requires the plaintiff to pay for a fence, determining, as a matter of fact, the nature and condition of this land as to whether or not it is properly subject to the burden of the cost of said partition fence.

The pertinent section of the General Code upon which authority for the construction of the fence and the collection of the cost thereof as agreed by the parties is §5908 GC which reads as follows:

"The owners of adjoining lands shall build, keep up and maintain in good repair in equal shares all partition fences between them, unless otherwise agreed upon by them in writing and witnessed by two persons."

The decisive authority construing this section of the General Code are: First, **The Alma Coal Company against Cozard, Treasurer, 79 Oh St 348;** second, **Zarbaugh,**

Treasurer, against Ellinger, 99 Oh St 133; third, Jennings against Nelson et, Trustees, 15 Oh Ap 395.

The last mentioned case in the opinion considers and quotes from the two preceding cases, from the first cited case as follows:

"That such act may not be so construed and administered as to charge an owner of lands which are, and are to remain, unenclosed, with any part of the expense of constructing and maintaining a line fence for the sole benefit of the adjoining proprietor."

After considering the case above mentioned in 99 Oh St 133, this appellate decision says:

"So we take it that the question in this case is not whether the partition fence when constructed will inclose the lands of the plaintiff, but whether his premises will be benefitted by such fence—whether such fence will be of advantage and value to the farm. For, if so, then §5908 et seq GC must govern, like any other statute that is not contrary to the state or federal constitutions."

Again it is said in the opinion:

"Except in cases where the partition fence will be of no benefit, as when the land is wild and uncultivated and is to remain so, the owner must build his fences whether he regards them as of any benefit or not."

This brings us to a consideration of the land upon which this fence is sought to be built. It is conceded that the land is not fenced along the highway and that the construction of this partition fence would not complete an inclosure of the plaintiff's 16 acres of land. This, however, is not important under the construction hereinbefore given of the new existing section of the General Code relating to this subject.

In the consideration of this case the court has read with care the testimony of the witnesses who testified in the case. It would be a long and useless task to endeavor to consider in detail the testimony and the effect of each separate witness upon the subject matter of the controversy, that is, in effect, whether the construction of this fence will be of benefit to the land or whether it is fairly susceptible of cultivation or profitable use.

Generally speaking, there is but little dispute in the testimony upon this proposition. The plaintiff has, during a long period of years, made some little use of the land, that is, on several occasions a few sheep or cattle have been thereon for a few days and there has been attempted some years ago some little cultivation of the land by plowing. It is evident that such use of the land by pasturage would not be profitable considering the fact that there was no fence to inclose the stock, no water thereon and that the land was mostly underbrush with but little grass for pasture and that the contour and nature of the land is such as to make it difficult, if not impossible for successful plowing for the purpose of raising crops. In any event, it seems quite conclusive that any attempt to use this land for any ordinary suggested purposes would not be advisable or profitable. So far as the future is concerned, the plaintiff disclaims any intention of attempting to make use of the land.

The conclusion reached, therefore, is that the nature and use of this land is not such as to make it subject to the construction and payment of a fence in manner attempted in this action.

The prayer of the plaintiff is, therefore, allowed and the defendants enjoined from proceeding further with the attempted collection of the cost of the construction of this fence as prayed for in the petition.

FARR and POLLOCK, JJ, concur in the judgment.